# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**REYNALDO MORA,**
        **Plaintiff,**

**-vs-**                                       **Case No. 6:08-cv-954-Orl-19DAB**

**CEMEX, INC.,**
        **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

     This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **AMENDED JOINT MOTION FOR APPROVAL OF SETTLEMENT AND MOTION FOR DISMISSAL WITH PREJUDICE (Doc. No. 38)**
>
> **FILED:**      **June 22, 2009**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED, subject to separate consideration of the fees motion (Doc. No. 39)**.

     On May 14, 2009, Plaintiff filed a brief Notice of Settlement, advising the Court that this Fair Labor Standards Act case had settled, and notifying the Court that "the terms of settlement will require the Court to determine Plaintiff's claim for attorneys' fee and costs." (Doc. No. 33). As the terms of the settlement were not set forth in the Notice, the Court issued an Order dated May 15, 2009, requiring additional information (Doc. No. 34). As set forth by prior Order (Doc. No. 37), in that subsequent filing, the parties purported to set forth the terms of the settlement in a fashion that was

not conducive to Court review. The Court directed the parties to try again and the instant motion provides the following detail:

> The parties agreed on the amount of overtime pay at issue based on Defendant's time worked and payroll records. During the two year limitations period under the FLSA, Plaintiff's potential overtime recovery was $2,650.00. Plaintiff received this entire amount in the settlement. Plaintiff also received an equal amount for alleged liquidated damages, for a total settlement payment of $5,300.00. Plaintiff also alleged unpaid overtime totaling $5,154.00 in the third year before filing the lawsuit, but was required to prove a willful violation to recover any amounts for this period. Defendant produced evidence that it relied in good faith on attorney advice to support its pay practice and did not willfully violate the FLSA, so recovery of third year overtime amounts was disputed, as was recovery of liquidated damages. The settlement reached reflects a compromise between the parties on the issues of third-year and liquidated damages, and Defendant's asserted exemption under the Motor Carrier Act.

(Doc. No. 38).

In considering settlement of a Fair Labor Standards Act ("FLSA") claim, the Court is to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed.1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

While the amount Plaintiff is to receive is far less than originally claimed, in view of the proof issues and the strength of the actual time records and affirmative defenses, the Court finds the compromise to be a reasonable resolution of a bona fide FLSA dispute. It is therefore **respectfully recommended** that the motion be **granted and that the case be closed, subject to separate consideration of the attorney's fee motion.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 6, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
District Courtroom Deputy