**UNITED STATED DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| **REYNALDO MORA,** ) | |
| ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | Case No. 6:08-cv-954-ORL-19DAB |
| **v.** ) | |
| ) | |
| **CEMEX, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**DEFENDANT'S RESPONSE OPPOSING PLAINTIFF'S MOTION**
**FOR AWARD OF ATTORNEY'S FEES AND COSTS**

Defendant, CEMEX, INC. ("Cemex"), opposes Plaintiff's Motion for Award of Attorney's Fees and Costs (Doc. 39), and as grounds states:

**I.   SUMMARY**

This Court should deny as unreasonable Plaintiff's motion to recover attorneys' fees and costs, or award significantly less than the requested amount if the motion is granted. This lawsuit was unnecessary. In March 2007 Plaintiff joined a related collective action case in this Court, *Rivera v. Cemex, Inc.*, Case No. 6:06-cv-00687-GAP-DAB (M.D. Fla.) ("*Rivera*").[1] This Court dismissed Plaintiff from *Rivera* after he failed to respond to the Court's interrogatories and a related show cause order. *Rivera* ultimately settled with the Court's approval. Had Plaintiff met the Court's requirements in *Rivera* he would have participated in the settlement, received a higher settlement, and this second lawsuit would have been unnecessary.

---

[1] Plaintiff's counsel and the Morgan & Morgan firm have filed several FLSA overtime cases against Defendant involving a "pay by load" pay practice in effect during 2005 and 2006. (See Doc. 4 and 8).

This unnecessary second lawsuit duplicated many of the activities in the collective case, and added more fees and costs for Plaintiff's attorney. Plaintiff knew that *Rivera* settled when he sued. He had already received production of his relevant time worked and payroll records in *Rivera*. Plus, Plaintiff's counsel had already recovered an $85,000 fee and a large cost payment through the settlement. Yet, Plaintiff and his counsel made no effort to resolve this dispute before pursuing a second round of litigation. Then, they made inflated overtime demands nearly double the amount supported by the actual payroll records.

An additional fee and cost award for this unnecessary, duplicate lawsuit is akin to a bonus for Plaintiff's counsel, and a reward to Plaintiff after he ignored this Court's orders in *Rivera*. This Court has discretion to deny as unreasonable the entire fee and cost amount sought, or reduce the amount awarded, and should exercise such discretion given the history of this litigation.

## II.  BACKGROUND

On May 19, 2006, Plaintiff's counsel filed *Rivera* as an FLSA collective action. On March 7, 2007, Plaintiff joined *Rivera* as an opt-in Plaintiff. (*Rivera* Doc. 84). On April 4, 2007, the Court entered an Order to Show Cause directed to Plaintiff and others for failure to respond to the Court's interrogatories. *Id*. at Doc. 110. On June 7, 2007, the Court dismissed Plaintiff from *Rivera*, without prejudice, due to Plaintiff's failure to respond to the Show Cause Order or provide answers to the Court's interrogatories. *Id*. Doc. 133. Prior to dismissal, Cemex submitted verified summaries of Plaintiff's earnings and hours worked as required by the Court. *Id.* at Doc. 121.

On March 4, 2008, the parties filed a Joint Motion to approve the terms of a settlement in *Rivera*. *Id*. at Doc. 174. The Court approved the settlement. *Id*. at Doc.

176. The approved settlement included a payment of $85,000.00 to Plaintiff's counsel for attorneys' fees, and a payment of $3,742.65 to Plaintiff's counsel for costs. *Id*. at Doc. 175. The settlement also provided "payment in full" to the litigants for their unpaid overtime claim, and an additional amount as consideration for a full release. *Id*.

On June 12, 2008, Plaintiff filed the instant action, and then litigated for one year. On July 6, 2009, the Magistrate Judge recommended approval of settlement terms, "subject to separate consideration of the attorney's fee motion." (Doc. 40). The Magistrate Judge noted that "the amount Plaintiff is to receive is far less than originally claimed," but approved the settlement as reasonable "in view of the proof issues and the strength of the actual time records and affirmative defenses."[2] *Id*.

### III.   ARGUMENT

#### A.   This Court Should Deny or Reduce Plaintiff's Counsel's Fee Claim

This Court has full discretion to determine if a requested fee and cost payment is reasonable and justified. *Peress v. Wand*, 597 F.Supp.2d 1320, 1322 (S.D. Fla. 2008). Here, there are several factors that weigh against an award, or for a reduced award. First, this lawsuit occurred because Plaintiff ignored the Court's orders in *Rivera*. Plaintiff and his counsel also avoided pre-suit settlement efforts even though *Rivera* settled with Court approval on stipulated overtime amounts. This Court can consider lack of pre-suit settlement efforts in deciding whether to award fees and costs. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 552-553 (7th Cir. 1999).

---

[2] Plaintiff claimed total overtime of $15,785.00 in response to the Court's Interrogatories even though he and his counsel possessed Cemex's stipulated time worked and payroll records showing a much lower amount. (Doc. 13-2). The actual overtime amount in dispute in this case was just $7,804.00, which included $5,154.00 for the third-year before the lawsuit, for which Plaintiff had to prove a willful violation to recover. (Doc. 38).

3

Further, once Plaintiff sued he ignored his undisputed payroll and time worked records and nearly doubled his overtime claim. This inflated claim hindered settlement and encouraged litigation, which lasted one year. In fact, this case quickly settled on stipulated overtime amounts once Plaintiff finally abandoned his inflated overtime claims. This settlement could easily have been achieved early and without litigation, and without Plaintiff's counsel incurring the fees and costs that he now seeks to recover.

A court can substantially reduce a fee and cost award in an FLSA action where the facts raise "the concern that the litigation was driven primarily by an intent to recover attorney's fees" *Reyes v. Falling Star Enterprises, Inc.*, 2006 WL 2927553, at *10 (M.D. Fla. Oct. 12, 2006). Moreover, "[t]here are 'special circumstances' that can render such an award of attorney's fees unjust." *Goss v. Killian Oaks House of Learning*, 248 F.Supp.2d 1162, 1168 (S.D. Fla. 2003) (nuisance settlement to avoid the expense of litigation); see also *Tyler v. Corner Construction Corp.*, 167 F.3d 1202, 1206 (8th Cir. 1999). Here, Cemex has demonstrated several special circumstances justifying denial of Plaintiff's fee and cost motion, or a significantly reduced award.

### B.    This Court Should Deny or Reduce Plaintiff's Counsel's Cost Claim

The award of costs is made in accordance with 28 U.S.C. § 1920 and the court has the discretion to deny costs in an FLSA action. *Goss,* 248 F.Supp.2d at 1168. For the reasons cited above, Cemex disputes Plaintiff's counsel's cost request, particularly the filing and service costs. Cemex also disputes the deposition charges as it does not appear Plaintiff used the deposition in this case.

WHEREFORE, Cemex respectfully requests that the Court deny Plaintiff's Motion for Award of Attorneys' Fees and Costs or, alternatively, reduce the amount of fees and costs awarded to a reasonable amount based on the special circumstances presented in the record of this litigation.

        Respectfully Submitted,

        /s/Kevin D. Zwetsch
        Kevin D. Zwetsch
        Florida Bar No.:0962260
        OGLETREE, DEAKINS, NASH, SMOAK & STEWART
        100 N. Tampa Street, Suite 3600
        Tampa, Florida 33602
        Tel.: (813) 289-1247
        Fax: (813) 289-6530
        kevin.zwetsch@ogletreedeakins.com
        Attorney for the Defendant

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I electronically filed a true and correct copy of the foregoing using the CM/ECF filing system which will send a notice of electronic filing to the following: K.E. Pantas, Esquire**,** PANTAS LAW FIRM, P.A., 250 North Orange Avenue, Eleventh Floor, Orlando, Florida 32801, on this 15th day of July 2009.

        /s/ Kevin D. Zwetsch
        Kevin D. Zwetsch

7506180.1 (OGLETREE)