# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**REYNALDO MORA,**
        **Plaintiff,**

**-vs-**                                                   **Case No. 6:08-cv-954-Orl-19DAB**

**CEMEX, INC.,**
        **Defendant.**
_____

## AMENDED REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** MOTION FOR ATTORNEY'S FEES AND COSTS (Doc. No. 39)
>
> **FILED:** June 22, 2009
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

Following settlement on the underlying claim, Plaintiff moves for an award of $5,335.00 for attorney's fees and $513.22 for costs as the prevailing party in this Fair Labor Standards Act ("FLSA") action. For the reasons set forth herein, it is **respectfully recommended** that the motion be **granted** in part and **denied** in part, and that fees in the total amount of $3,085.00 be awarded.[1]

**History**

As set forth in the papers, the history of Plaintiff's dispute with his employer is unusual and pertinent. In March 2007, Plaintiff filed a Consent to Join in a related collective action case in this

---

[1]Costs should be taxed by the Clerk of Court in the normal course, following the filing of a Bill of Costs.

Court, *Rivera v. Cemex, Inc.*, Case No. 6:06-cv-00687-GAP-DAB (M.D. Fla.) ("*Rivera*"). On May 7, 2007, Defendant filed a Verified Summary of Payroll Records for the opt-in plaintiffs, including Plaintiff Mora (*Rivera*, Doc. No. 121). On June 7, 2007, the Court dismissed Plaintiff from *Rivera,* without prejudice, for failure to prosecute, after he failed to respond to the Court's Interrogatories and a related show cause order (*Rivera*, Doc. No. 133). *Rivera* ultimately settled with the Court's approval, and Plaintiff's counsel recovered a substantial attorney's fee of $85,000.00, plus over $3,000 in costs.

On June 12, 2008, Plaintiff filed the instant Complaint (Doc. No. 1). In Interrogatories, Plaintiff claimed $15,785.00 in unpaid overtime, plus a like amount in liquidated damages, as well as unspecified costs and fees (Doc. No. 13-2). Defendant disputed that amount, and the matter proceeded through discovery, culminating in a settlement agreement giving Plaintiff a total of $5,300.00 ($2,650.00 for the wages claim and $2,650.00 in liquidated damages), with attorney's fees to be decided by the Court (Doc. No. 38). It is stipulated that if Plaintiff had not been dismissed from *Rivera*, he would have participated in that settlement and received a higher recovery than he received in the settlement here.

Plaintiff now moves for an award of attorney's fees and costs as the prevailing party in this FLSA case. Defendant objects to an award of fees (Doc. No. 44). Specifically, Defendant contends:

> This unnecessary second lawsuit duplicated many of the activities in the collective settled when he sued. He had already received production of his relevant time worked and payroll records in *Rivera*. Plus, Plaintiff's counsel had already recovered an $85,000 fee and a large cost payment through the settlement. Yet, Plaintiff and his counsel made no effort to resolve this dispute before pursuing a second round of litigation. Then, they made inflated overtime demands nearly double the amount supported by the actual payroll records.
>
> An additional fee and cost award for this unnecessary, duplicate lawsuit is akin to a bonus for Plaintiff's counsel, and a reward to Plaintiff after he ignored this Court's orders in *Rivera*. This Court has discretion to deny as unreasonable the entire fee and

cost amount sought, or reduce the amount awarded, and should exercise such discretion given the history of this litigation.

*Id.*

The Court directed Plaintiff's counsel to file a reply to this response (Doc. No. 46), and Plaintiff complied (Doc. No. 48). In the reply, Plaintiff's counsel noted that there is no evidence that he did anything unethical to justify the sanction of denial of attorney's fees and costs, and contends that Defendant is at fault for not resolving the overtime claim "voluntarily without the necessity of Plaintiff filing a claim with the Court." Plaintiff disputes that the time records were stipulated, and notes that Defendant did not serve Plaintiff with an Offer of Judgment and the case was not settled until after discovery closed. *Id.*

**The Law**

In FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases."). As the mandatory language of the Act says "in addition to any judgment," a prevailing plaintiff means a plaintiff that has at least obtained a judgment, regardless of the amount of the recovery.

In this circuit, reasonableness is generally determined by use of the familiar lodestar approach. "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir.1994) (per curiam); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A reasonable hourly

-3-

rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gaines v. Dougherty County Board of Education*, 775 F.2d 1565, 1571 (11th Cir. 1985).

Factors to be considered when setting a fee include: 1) the time and labor required; 2) the novelty and difficulty of the issues; 3) the skill required to perform the legal services properly; 4) preclusion of other employment; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation and ability of the attorneys; 10) the undesirability of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714, 717-19 (5th Cir.1974). The going rate in the community is the most critical factor in setting the fee rate. *Martin v. University of South Alabama*, 911 F.2d 604, 610 (11th Cir.1990).

While, in general, a prevailing FLSA plaintiff is entitled to an award of some reasonable attorney's fees and costs, under exceptional circumstances, the district court may find that a reasonable fee and cost award is zero. See, e.g., *Sahyers v. Prugh, Holliday & Karatinos, P.L.* , 560 F.3d 1241, 1244 (11th Cir. 2009).

**Analysis**

The motion claims 13.7 hours of attorney time and 12.6 hours of paralegal time were expended, and seeks rates of $300 an hour for attorney time, and rates of $95.00 (9.8 hours) and $105.00 (2.8 hours) for paralegal time. The motion is supported by counsel's Affidavit and his time sheets. Although Defendant seeks to prohibit the award of any fees and alternatively asks for a reduction of same, it does not challenge the "reasonableness" of the rates charged or any particular time entry. Indeed, but for the history of this claim, the Court would likely approve the fee amount

requested as reasonable for prosecuting a claim past discovery to settlement. Rather, as noted above, Defendant focuses on the first *Johnson* factor, the time and labor *required*, and contends that, as the suit was not necessary, no labor was required and no fee should be awarded. While the Court finds that the history of the case warrants a reduction in the fee request, it cannot agree that no fee is appropriate.

It is true that Plaintiff could have continued to prosecute his claim in *Rivera* and, indeed, would have been better off for it as he would have received a higher payout. This, however, is of no moment as Plaintiff was dismissed without prejudice and nothing barred his re-filing of the action. This does not end the inquiry, however. As Defendant points out, prior to filing this suit Plaintiff did not so much as send a demand letter to Defendant. On the other hand, as pointed out by Plaintiff, there is no evidence that in the interim year Defendant made any effort to resolve what it knew to be an overtime claim asserted by one of its employees. As the FLSA puts a duty on the employer to accurately pay its employees, Defendant's inaction is the more egregious and belies its argument that the filing of the suit was unnecessary.

That said, the Court cannot agree with Plaintiff that all the actions taken in this case were necessary, in view of the fact that it was already well familiar with this case and this Defendant and had already received the time and pay records in *Rivera.* While the Court agrees that there is no evidence that counsel acted unethically, the Court finds no support for Plaintiff's assertion that the time records were disputed. Although Plaintiff contends that "Defendant has at all times been on notice that Plaintiff disputed the accuracy of Defendant's time records" and "Plaintiff is unaware of any written "stipulation" in this matter regarding Plaintiff's time records," the Court refers counsel to the Amended *Joint* Motion for Approval of Settlement (Doc. No. 38), in which the parties represented:

> The parties *agreed on the amount of overtime pay at issue based on Defendant's time worked and payroll records.* During the two year limitations period under the FLSA, Plaintiff's potential overtime recovery was $2,650.00. *Plaintiff received this entire amount in the settlement. Plaintiff also received an equal amount for alleged liquidated damages, for a total settlement payment of $5,300.00.* Plaintiff also alleged unpaid overtime totaling $5,154.00 in the third year before filing the lawsuit, but was required to prove a willful violation to recover any amounts for this period. Defendant produced evidence that it relied in good faith on attorney advice to support its pay practice and did not willfully violate the FLSA, so recovery of third year overtime amounts was disputed, as was recovery of liquidated damages. *The settlement reached reflects a compromise between the parties on the issues of third-year and liquidated damages, and Defendant's asserted exemption under the Motor Carrier Act.*

(Doc. No. 38, paragraph 8, emphasis added. *See also* paragraphs 6 and 9, which make specific reference to the pay records as supporting the amount of the claim and reasonableness of the settlement agreement). While the Court finds that the filing of the suit was at least arguably necessary in that Defendant made no effort to compensate Plaintiff despite knowledge of his claim, the continued prosecution of the claim can not be justified on a claim of inaccurate records.[2]

Moreover, the Court finds that, while a fee of $5,335.00 may be reasonable to prosecute an FLSA claim from scratch, it is not reasonable in view of the history of this dispute. Unlike the typical FLSA Plaintiff, *prior to filing suit* this Plaintiff and his counsel 1) had his verified time records; 2) knew all about Defendant's FLSA practices; 3) knew the defenses likely to be asserted; 4) knew all of the information necessary to reach and support the prior settlement with respect to similarly situated individuals; and 5) had already received a handsome fee for the time expended in obtaining all of this information.[3] To the extent this subsequent action necessarily involved some duplicative effort, the amount of fees should be reduced accordingly.

---

[2] Indeed, the sole issue in this case seemed to be whether Plaintiff could show entitlement to a third year of compensation under FLSA in view of the good faith defense. This part of the claim appears to be the only portion that was "compromised."

[3] The Court also notes that this counsel has several other related suits in this district pending against this Defendant, as noted in the related cases filing (Doc. No. 4).

The Court also notes that some of the entries are clerical in nature, and do not appear to be compensable. *See, e.g.,* entry dated February 16, 2009, billing 4 hours for "Perform research on Cemex locations in Puerto Rico for hotel accommodations, rates, etc." Moreover, while some tasks for scheduling and calendaring are necessary and billable, having more than one timekeeper performing and/or reviewing the performance of these routine tasks may be appropriate for office supervision purposes, but it is not billable to one's adversary. *See, e.g.*:

TIME ENTRY: KEP Sunday, June 01, 2008 - 0.10 hours

Review and approve Notice of Pendency

TIME ENTRY: br Wednesday, June 18, 2008 - 0.20 hours

Prepare Notice of Pendency

TIME ENTRY: br Wednesday, June 18, 2008 - 0.10 hours

Prepare Certificate of Interested Persons

TIME ENTRY: KEP Wednesday, June 18, 2008 - 0.10 hours

Review and approve Certificate of Interested Persons

TIME ENTRY: KEP Tuesday, June 17, 2008 - 0.20 hours

Receipt and review of Related Case Order and Interested Persons Order

In view of all of the *Johnson* factors, and the above, the Court finds a fee of **$3,085.00** to be reasonable (8 hours at $300 per hour, 5 hours at $95 an hour and 2 hours at $105) and **recommends** same. Costs should be taxed by the Clerk upon a filing of a Bill of Costs.[4]

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

---

[4]The deposition cost is recoverable.

Recommended in Orlando, Florida on August 31, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy